## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH W. LITTLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-3295 |
| | § | |
| D & D HELPING OTHERS, INC., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND ORDER

On April 27, 2007, this court granted the motion filed by the plaintiff, Keith W. Little, for default judgment against the defendant D & D Helping Others, Inc. After unsuccessfully attempting to execute the judgment, Little sought, and this court ordered, a writ of garnishment directed to First National Bank of Huntsville ("FNBH"). Little alleged that FNBH was indebted to D & D Helping Others. FNBH filed an answer to the writ of garnishment.

Several motions are pending relating to the default and writ of garnishment. Little has filed a motion to correct the order for writ of garnishment. (Docket Entry No. 23). Oliver W. Duron, the president and registered agent of D & D Helping Others, has filed various motions seeking to halt the garnishment. The motions include a motion to "hold the money," (Docket Entry No. 21); a motion to abate or dissolve the writ of garnishment, (Docket Entry No. 27); a motion to withdraw a previously filed notice of appeal, (Docket Entry No. 31); a a motion for extension of time, (Docket Entry No. 33); and a motion to modify the certificate

of interested parties, (Docket Entry No. 36).  These motions, among other things, appear to ask this court to set aside the default judgment.  Little moved to strike all the motions and documents Duron filed.  (Docket Entry No. 34).  Duron responded to the motion to strike. (Docket Entry No. 37).

Based on a careful review of the pleadings; the motions and response; the record; and the applicable law, this court grants in part Little's motion to correct the order for writ of garnishment and grants Little's motion to strike the motions and documents Duron filed.  The reasons for these rulings are explained in detail below.

## I.    Background

In moving for default judgment, Little showed that D & D Helping Others was properly served with citation through the Texas Secretary of State and did not file a responsive pleading or otherwise defend the suit.  Little presented evidence as to the specific amount of damages he sought under the Fair Labor Standards Act, 29 U.S.C. § 207.  This court entered default judgment against D & D Helping Others in the amount of $17,555.20; attorney's fees in the amount of $5,000.00; and postjudgment interest at the rate of 4.93 % *per annum*.  (Docket Entry No. 15).

On June 21, 2007, a writ of execution was issued against D & D Helping Others for $22,555.20 plus interest.  (Docket Entry No. 17).  On July 6, 2007, a United States Marshal attempted to serve the writ of execution on D & D Helping Others at the address on file with the Texas Secretary of State, 518 2nd Street, Huntsville, TX 77340.  (Docket Entry No. 18). The return of service was executed by Paula Duron, a board member of D & D Helping

2

Others, at 514 2nd Street, Huntsville, TX 77340.  (*Id.*).  Paula Duron refused to pay.  The marshal did not find any nonexempt property belonging to D & D Helping Others at either address.  (*Id.*).

On July 22, 2008, this court granted Little's motion for a writ of garnishment after judgment.  (Docket Entry No. 20).  A writ of garnishment was issued directing FNBH to provide information concerning the amount, if any, it was indebted to D & D Helping Others; what effects, if any, of D & D Helping Others FNBH had in its possession; and what other persons, if any, FNBH knew were indebted to or had effects belonging to D & D Helping Others.  (*Id.*).  The writ of garnishment was served on FNBH on July 31, 2008.  FNBH filed an answer on August 13, 2008.  (Docket Entry No. 22).  FNBH stated that when served with the writ, FNBH was indebted to D & D Helping Others in the amount of $14,875.35.  (*Id.*).  Little filed a motion to correct the order for writ of garnishment, asking this court to vacate its July 22, 2008 order and issue an order stating that Little was entitled to recover from FNBH, garnishee, $22,555.20, plus postjudgment interest, cost on the garnishment judgment from the date of the judgment until paid, $500.00 in attorney's fees, and costs of the garnishment proceeding.  (Docket Entry No. 23).

Duron has filed a number of motions on behalf of D & D Helping Others seeking to halt or dissolve the garnishment.  On August 12, Duron filed a motion asking this court to "[h]old the money tell I get out in Oct."  (Docket Entry No. 20).  Duron has been incarcerated in the Texas Department of Criminal Justice.  (*Id.*).  Duron stated that "Keith Little are his lawyer didn't tell you I ben in TDCJ why all this was going on" and that Duron "didn't know

3

about this tell 2 Aug 08." (*Id.*).  On August 15, 2008, Duron filed a notice of appeal to the United States Court of Appeals for the Fifth Circuit.  (Docket Entry No. 25).  Duron subsequently filed a motion to rescind or withdraw the notice of appeal and his related motion to proceed *in forma pauperis*.  (Docket Entry No. 31).  On August 20, 2008, Duron filed a motion to abate/dissolve all judgments in this case.  (Docket Entry No. 28).  That same day, Duron filed an answer and crossclaim against Little.  (Docket Entry No. 29).  On August 26, 2008, Duron moved to extend the motion docket date for his motion "to hold the money," set for September 2, 2008.[1]  (Docket Entry No. 33).  On August 27, 2008, the Fifth Circuit advised Duron by letter that a corporation must be represented by licensed counsel and cannot be represented by an officer of the corporation who is not a licensed attorney. (Docket Entry No. 35).  The appeal was dismissed.  (Docket Entry No. 38).

On August 29, 2008, Little filed a motion to strike all motions documents filed by Duron in this case.  Duron responded to the motion to strike.

II.     **Analysis**

A.      **Duron's Filings and Little's Motion to Strike**

In his motion to abate/dissolve, Duron argues that D & D Helping Others was not properly served with a copy of the complaint.  Duron asks this court to dissolve all judgments in this case, delay the proceedings for six months after he is released from the TDCJ– scheduled for October 10, 2008– to enable Duron to prepare a defense, and order Little to

---

[1]  The motion docket date of September 2, 2008 was computer-generated.  No oral hearing was set on Duron's motion requesting "to hold the money."

serve Duron with the complaint as a defendant.  (Docket Entry No. 27).

Little's motion to strike all documents Duron filed in this case is granted.  The law is clear "that a corporation as a fictional legal person can only be represented by licensed counsel." *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981).  This is true even when the person seeking to represent the corporation is its president and major stockholder. *Id.*  Duron is not a licensed attorney and cannot appear on behalf of D & D Helping Others, a Texas corporation.  A court may strike a pleading filed by a corporation other than through licensed counsel. *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984).

Furthermore, Duron's claim regarding faulty service of process lacks merit.  Duron argues that Little was required to serve Duron personally at the TDCJ.  If a corporation's registered agent "cannot, with reasonable diligence, be found at the registered office," a plaintiff may serve the Secretary of State as the corporation's agent.  TEX. BUS. ORG. CODE § 5.251.  Little has presented competent evidence that he attempted to find D & D Helping Others's registered agent at the address given to Secretary of State by hiring a process server, who attempted service on three separate occasions.  (Docket Entry No. 12, Ex. C).  On November 14, 2006, the process server spoke with Duron's daughter, who stated that Oliver Duron was incarcerated for eighteen to twenty months.  (*Id.*).

Under Texas law, reasonable diligence is established by one attempt to serve the registered agent at the corporation's registered address. *Ingram Indus. Inc. v. U.S. Bolt Mfg.*, 121 S.W.3d 31, 33-34 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *see also Liberty Label*

5

*Co., Inc. v. Morgan Adhesives Co.*, 2005 WL 1475332 at *1 (Tex. App.– San Antonio 2005, no pet.). In *Liberty Label Co.*, the court upheld a default judgment against a corporation whose registered agent had moved and held that the plaintiff used reasonable diligence by attempting to serve process at the address provided to the Secretary of State. *Id.* The court stated that "reasonable diligence" does not require that plaintiff attempt to find the registered agent's new address and telephone number or ascertain the names of and obtain service on the defendant corporation's officers. *Id.*

On January 18, 2007, Little served the Texas Secretary of State with the summons and a copy of the amended complaint. (Docket Entry No. 12, Ex. C). On January 28, 2007, the Secretary of State forwarded a copy of the summons and amended complaint by certified mail to D & D Helping Others's registered agent on file, Oliver W. Duron, at the address on file, 518 2nd Street, Huntsville, TX 77340. As of March 26, 2007, the Secretary of State had not received a response from D & D Helping Others. The corporation did not notify the Secretary of State of any changes to its registered agent or his address. Although Duron does not currently reside at 518 2nd Street, Huntsville, TX, 77340, but rather at a TDCJ Unit, D & D Helping Others's June 19, 2008 filing with the Secretary of State continues to list its registered agent as Oliver W. Duron, 518 2nd Street, Huntsville, TX 77340. (Docket Entry No. 34, Ex. H). Because the registered agent could not be found with reasonable diligence at the registered office of D & D Helping Others, Little properly completed service of process by serving the Secretary of State on January 18, 2007.

It is the defendant corporation's responsibility to notify the Secretary of State of any

change of registered agent or address.  TEX. BUS. ORG. CODE §§ 5.201-02.  If a corporation

fails to do so, the corporation cannot later complain that it did not have notice of the suit

when the Secretary of State attempted to forward service of process to the address of the

registered office on file.  *TXXN, Inc. v. D/FW Steel Co.*, 632 S.W.2d 706, 709 (Tex. App. —

Fort Worth 1982, no writ).  In such a case, "the failure of the method of service . . . [is] the

result of [the corporation's] own failure to comply with the statutory requirements which

were designed to assure it of notice of pending suits, not of any failure on the part of

[plaintiff]."  *Id.*

Duron also argues that service of the writ of execution on Paula Duron, board member

of D & D Helping Others, at 514 2nd Street, Huntsville, TX 77340, was insufficient.  Under

FED R. CIV. P. 4.1(a), process other than a summons or subpoena, such as a writ of execution,

must be served by a United States Marshal.  Under FED R. CIV. P. 4(h)(B), service on a

corporation is completed by delivering a copy of the document to be served "to an officer,

a managing or general agent, or any other agent authorized by appointment or by law to

receive service of process."  On D & D Helping Others's 1999 articles of incorporation,

Paula Duron is listed as a director of the corporation.  (Docket Entry No. 34, Ex. A).  D &

D Helping Others's most recent filing with the Secretary of State lists Paula Duron as an

officer of the corporation, namely, the secretary.  (Docket Entry No. 34, Ex. H).  A United

States Marshal attempted to execute the writ on Paula Duron on July 6, 2007.  The completed

return of service of process states that Paula Duron is a board member of D & D Helping

Others and that execution of the writ was attempted.  (*Id.*).  The writ of execution was

7

properly served.

Duron's motions, liberally construed as is appropriate for a *pro se* litigant, ask this court to set aside the default. Federal Rule of Civil Procedure 55(c) permits the setting aside of a default judgment in accordance with Rule 60(b). Rule 60(b) recognizes, *inter alia,* "mistake, inadvertence, surprise or excusable neglect" as permissible grounds to move for such relief provided the motion is made within a reasonable time. Rule 60(b) is applied "equitably and liberally" to judgments of default because a trial on the merits is the favored means to resolve a legal action. *See Blios v. Friday*, 612 F.2d 938, 940 (5th Cir.1980) (applying Rule 60(b) to achieve substantial justice); *see, e.g., Azzopardi v. Ocean Drilling & Exploration, Co.,* 743 F.2d 890, 895-96 (5th Cir.1984) (recognizing failure to answer was mistake on part of insurer and affirming order to set aside interlocutory default order). Put another way, the question for the court is whether good cause exists to set aside the default. *CJC Holdings, Inc. v. Wright & Lato,* 979 F.2d 60, 64 (5th Cir.1992). A court should consider the following factors in deciding a Rule 55(c) motion: (1) whether the default was willful; (2) whether the plaintiff would be prejudiced; and (3) whether defendant presents a meritorious defense. *Matter of Dierschke,* 975 F.2d 181, 183 (5th Cir.1992).

In this case, the record does not support setting aside the default. The record shows that service was proper. There is no basis to find a meritorious defense. And there is no proper filing on behalf of the defendant. There is no basis to set aside the default.

### B.     Little's Motion to Correct the Order for Writ of Garnishment

Little requests that this court correct the order for writ of garnishment and grant

judgment against FNBH as garnishee for the full amount of his judgment against D & D Helping Others, $22,555.20, postjudgment interest, plus costs and attorney's fees.  Under Texas law, "[a] plaintiff in garnishment is, by virtue of the statute, subrogated to the rights of his debtor against the garnishee. In other words, by strict compliance with our garnishment statutes, a plaintiff in garnishment merely steps into the shoes of his debtor as against the garnishee, and may enforce, as against such garnishee, whatever rights the debtor could have enforced had such debtor been suing the garnishee directly." *Beggs v. Fite*, 130 Tex. 46, 106 S.W.2d 1039, 1042 (1937).  Funds placed in a bank ordinarily become general deposits and create a debtor-creditor relationship between the bank and the depositor. *Citizens National Bank of Dallas v. Hill*, 505 S.W.2d 246 (Tex.1974). If a bank refuses to honor a withdrawal by a depositor, the depositor can successfully sue the bank for that refusal.

Because FNBH is only indebted to D & D Helping Others in the amount of $14,875.35, Little is not entitled to judgment against FNBH for $22,555.20.  Little's motion to correct the order for writ of garnishment is granted only to the extent that FNBH is indebted to D & D Helping Others.  Little is entitled to a garnishment order against FNBH for $14,875.35, with postjudgment interest at 4.93 % *per annum*.

**III.      Conclusion**

       This court grants Little's motion to strike all documents filed by Duron in this case.

Little is entitled to a writ of garnishment against FNBH for $14,875.35 and postjudgment

interest at 4.93 % *per annum*.

       SIGNED on October 2, 2008, at Houston, Texas.

                             Lee H. Rosenthal
                      United States District Judge

10